IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

JAMES MEZO                                    )
                                              )
        Plaintiff,                            )
                                              )
v.                                            )        Case No. 10-850-GPM-PMF
                                              )
ST. CLAIR COUNTY, ILLINOIS,                   )        JURY TRIAL DEMANDED
and                                           )
                                              )
ADAM G. QUIRIN,                               )
individually and in his official capacity, and )
                                              )
OFFICER JOHN DOE,                             )
individually and in his official capacity, and )
                                              )
SHERIFF MEARL J. JUSTUS,                      )
individually and in his official capacity     )
as St. Clair County Sheriff,                  )
                                              )
        Defendants.                           )

## COMPLAINT

## PARTIES AND JURISDICTION

1       At all times relevant herein Plaintiff James Mezo (hereinafter referred to

as "Mezo") was a citizen and resident of the Village of Smithton, State of Illinois.

2.      Defendant, St. Clair County, Illinois, is a municipal corporation organized

and existing under the laws of the State of Illinois.

3.      Smithton is located within the boundaries of St. Clair County, Illinois and

within the jurisdictional boundaries of this Court.

4.      At all times herein relevant, Defendant Adam G. Quirin (hereinafter

referred to as "Quirin") was a sheriff's deputy employed by the St. Clair County Sheriff's

Department (hereinafter referred to as "Sheriff's Department") and St. Clair County, who

was acting in his capacity as an agent, servant and employee of the Sheriff's Department and St. Clair County and was acting under color of law and at and under the direction and control of Sheriff Mearl J. Justus.  At all times relevant herein, he was acting pursuant to either official policy or the custom and practice of the Sheriff's Department and/or St. Clair County.  Quirin is sued in both his individual and official capacities.

5.      At all times herein relevant, Defendant Officer John Doe (hereinafter referred to as "Officer Doe") was a sheriff's deputy employed by the Sheriff's Department and St. Clair County, who was acting in his capacity as an agent, servant and employee of the Sheriff's Department and St. Clair County and was acting under color of law and at and under the direction and control of Sheriff Mearl J. Justus.  At all times relevant herein, he was acting pursuant to either official policy or the custom and practice of the Sheriff's Department and/or St. Clair County.  Officer Doe is sued in both his individual and official capacities.

6.      At all times herein relevant, Mearl J. Justus (hereinafter referred to as "Justus") was the duly-elected sheriff of St. Clair County, who was responsible for the training, supervision, behavior and activity of the officers of the Sheriff's Department, including Quirin and Officer Doe.  He is sued in both his individual and official capacities.

7.      The acts alleged herein occurred on the street in front of Mezo's house located at 724 Lunch Road in Smithton, Illinois in St. Clair County within the jurisdictional boundaries of this court, making venue proper in this Court by reason of 28 U.S. C. § 1391(b).

8.      At all times herein relevant, Quirin, Officer Doe, and Justus acted under

color of the laws, statutes, ordinances, regulations, policies, customs, practices and usages of the United States, the State of Illinois, St. Clair County, and/or the Sheriff's Department and pursuant to their authority as law enforcement officers.

9.      This action is brought pursuant to 42 U.S.C. Sections 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution.  This Court has jurisdiction over this action pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1331.  Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. § 1367.

10.      Plaintiff demands a trial by jury pursuant to Fed. R. Civ. P. 38(b).

## FACTS COMMON TO ALL COUNTS

11.      On or about October 31, 2009, at approximately 1:30 p.m., Mezo was sitting peacefully on his porch at 724 Lunch Road in Smithton, St. Clair County, Illinois when two St. Clair County Sheriff's Department patrol vehicles operated by Quirin and Officer Doe arrived in front of his residence.

12.      Quirin stated, "Mr. Mezo," and Mezo acknowledged that he was Mezo. Quirin then entered Mezo's porch and told Mezo to put his hands behind his back and handcuffed Mezo.  Quirin then told Mezo he was under arrest for trespassing and began to escort the handcuffed Mezo to his police car.  Mezo inquired about where he had allegedly trespassed.

13.      When Mezo inquired of Quirin as to the amount of his bond, Quirin told Mezo to get his "a-s in the car" and shoved Mezo into his police vehicle.

14.      Mezo and Quirin exchanged profanities at which time Quirin entered the back seat of his police vehicle and placing his hands around Mezo's neck began to choke

3

Mezo, even though Mezo was handcuffed and posed no threat to Quirin or anyone else.

15.     Mezo's wife, Susan Mezo, and upon information and belief, Officer Doe, witnessed Quirin choking Mezo without cause or provocation.

16.     At no time did Officer Doe attempt to intervene or stop Quirin from choking Mezo even though, upon information and belief, he had the opportunity to intervene to prevent Quirin from choking Mezo.

17.     When Mezo told Quirin that there were two witnesses to Quirin's unprovoked assault upon Mezo, Quirin responded that he would state/swear that Mezo had attempted to elbow him, even though Mezo was already in the back of the police vehicle and handcuffed when this assault occurred, which false information was included in Quirin's police report.  Qurin further directed Mezo to "just sit there and shut the f--k up."

18.     On the way to the police station, Mezo began to feel pain in his neck as a direct and proximate result of Quirin choking him.

19.     On three separate occasions during the ride to the police station, Mezo requested that Quirin take him to the hospital due to the pain in his neck resulting from Quirin choking him while Mezo was handcuffed and posed no threat to Quirin or others. Quirin refused to take Mezo to the hospital, and instead took Mezo to the St. Clair County Jail.

20.     At the St. Clair County Jail, Mezo told an unknown jailer that Quirin had hurt his throat.  Mezo again requested that he be taken to the hospital due to the pain in his neck caused by Quirin choking him without cause or justification.  A few minutes later, the jailer informed Mezo that he had been bonded out, and therefore, he would have

to go to the hospital on his own, which Mezo could not afford to do.

21.     Several days later, when the pain had not subsided, Mezo went to St. Elizabeth's Medical Center Emergency department to have his neck examined to determine the cause of the pain he was experiencing.  He was informed that there was a possible fracture to his hyoid bone and swelling.

22.     On or about November 17, 2009, Mezo filed a Citizen Complaint Statement against Quirin, a copy of which is attached hereto and incorporated by reference herein as Exhibit 1.  Upon information and belief, no action or investigation was initiated as a result of Mezo's complaint.

23.     On October 31, 2009, Mezo was charged with criminal trespass to land, a Class B misdemeanor, even though Quirin did not see Mezo trespassing and Mezo frequently cut the grass on the property at issue without incident or question.

24.     On January 27, 2010, the trespassing charge against Mezo was dismissed after the complaining witness failed to appear in court for the trial of the matter.

25.     On March 18, 2010, Mezo, through counsel, notified Justus that counsel had been retained to represent Mezo regarding the injuries he had sustained as a result of being choked by Quirin.

26.     On April 12, 2010, the State filed a motion to reinstate the trespass charge against Mezo.  Upon information and belief the trespass charge was reinstated against Mezo in retaliation for his obtaining counsel to pursue a civil claim against the Defendants based upon the injuries Mezo sustained when he was chocked by Quirin without cause or justification.

27.     As a direct and proximate result of the actions of the Defendants as

alleged herein, Mezo has incurred damages, which include but are not necessarily limited to the cost of medical care and treatment, which included diagnostic imaging and follow-up care and treatment.  Mezo has incurred and will continue to incur medical expenses in the future as a direct and proximate result of the actions of the Defendants alleged herein.

28.     As a direct and proximate result of the actions of the Defendants, Mezo was unable to eat solid foods for weeks and has suffered and will continue to suffer physical pain and suffering, emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

29.     Upon information and belief, Defendants maintain a policy or policies of insurance with respect to tort claims filed against it/them.

## CAUSES OF ACTION

### COUNT I
### USE OF EXCESSIVE FORCE AGAINST DEFENDANT QUIRIN

For Count I of Plaintiff Mezo's causes of action against Defendant Quirin, Plaintiff states:

30.     Plaintiff incorporates by reference each and every allegation and averment set forth in paragraphs 1 through 29 of this Complaint as though fully set forth herein.

31.     Quirin choked Mezo without cause or justification while Mezo was in handcuffs and secured in the back seat of Quirin's police vehicle, which actions and conduct caused Mezo to sustain the above-described injuries and damages.

32.     The use of force by Quirin against Mezo was unreasonable under the totality of the circumstances, particularly because Mezo was handcuffed in the back of a police vehicle and posed no threat of harm to Quirin or others, and therefore, in violation of Mezo's rights under the 4th and/or 14th Amendments to the United States Constitution.

6

33.     As a direct and proximate result of the actions of Quirin as set forth
herein, Mezo was caused to sustain injuries and damages which included, but were not
necessarily limited to, bruises to his neck and a possible fracture of his hyoid bone.  Mezo
required, and became responsible for the cost of, medical care and treatment which
included, but was not necessarily limited to, diagnostic imaging and follow-up treatment.
Mezo has incurred and will continue to incur medical expenses in the future as a direct
and proximate result of the actions of Quirin as alleged herein.

34.     As a direct and proximate result of the actions of Quirin, Mezo was unable
to eat solid foods for weeks and has suffered and will continue to suffer physical pain and
suffering, emotional pain and suffering, mental anguish, inconvenience, humiliation,
embarrassment, loss of enjoyment of life, and stress.

35.     The acts of Quirin were taken under color of state law.

36.     The acts of Quirin involved a reckless or callous indifference to the
federally protected rights of Mezo, making an award of punitive damages appropriate in
this case to deter him and others from similar conduct in the future.

WHEREFORE, Plaintiff prays for a judgment against Defendant Adam G.
Quirin for compensatory damages in an amount that is fair and reasonable to include but
not necessarily be limited to his physical injury and suffering, medical expenses, and his
emotional pain and suffering; for punitive damages against Quirin in his individual
capacity, plus the costs of suit of this action and reasonable attorneys' fees; and such
other and further relief as the Court deems fair and appropriate under the circumstances.

### COUNT II
### FAILURE TO INTERVENE AGAINST DEFENDANT OFFICER JOHN DOE

For Count II of Plaintiff Mezo's cause of action against Defendant Officer John

Doe, Plaintiff states:

37.    Plaintiff incorporates by reference each and every allegation and averment set forth in paragraphs 1 through 36 of this Complaint as though fully set forth herein.

38.    Quirin used excessive force on Mezo by choking Mezo while Mezo was in handcuffs and secured in Quirin's police vehicle, which actions and conduct caused Mezo to sustain the above-described injuries and damages.

39.    Officer Doe knew that Quirin was or was about to use excessive force against Mezo.

40.    Upon information and belief, Officer Doe had a realistic opportunity to intervene to prevent the harm to Mezo from occurring.

41.    Officer Doe failed to take reasonable steps to prevent the harm to Mezo from occurring.

42.    Office Doe's failure to act, taken under color of state law, caused Mezo to suffer harm.

43.    As a direct and proximate result of the inaction of Officer Doe as alleged herein, Mezo was caused to sustain injuries and damages which included, but were not necessarily limited to, bruises to his neck and a possible fracture of his hyoid bone.  Mezo required, and became responsible for the cost of, medical care and treatment which included, but was not necessarily limited to, diagnostic imaging and follow-up treatment. Mezo has incurred and will continue to incur medical expenses in the future as a direct and proximate result of the inaction of Officer Doe as alleged herein.

44.    As a direct and proximate result of the inaction of Officer Doe, Mezo was unable to eat solid foods for weeks and has suffered and will continue to suffer physical

pain and suffering, emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

45.     Officer Doe's failure to act as set forth herein involved a reckless or callous indifference to the federally protected rights of Mezo, making an award of punitive damages appropriate in this case to deter him and others from similar conduct in the future.

WHEREFORE, Plaintiff prays for a judgment against Defendant Officer John Doe for compensatory damages in an amount that is fair and reasonable to include but not necessarily be limited to his physical injury and suffering, medical expenses, and his emotional pain and suffering; for punitive damages against Officer Doe in his individual capacity, plus the costs of suit of this action and reasonable attorneys' fees; and such other and further relief as the Court deems fair and appropriate under the circumstances.

**COUNT III**
**CIVIL CONSPIRACY CLAIM DIRECTED AGAINST DEFENDANTS QUIRIN,**
**OFFICER DOE & JUSTUS COGNIZABLE UNDER 42 U.S.C. §1983**

For Count III of Plaintiff Mezo's cause of action against Defendants Quirin, Officer Doe, and Justus, Plaintiff states:

46.     Plaintiff incorporates by reference each and every allegation and averment contained in paragraphs 1 through 45 of this Complaint as though fully set forth herein.

47.     Quirin, Officer Doe, and Justus reached an understanding to deprive Mezo of his constitutional rights as set forth herein.

48.     Defendants acting under color of law, conspired together and amongst themselves and reached a mutual understanding to undertake a course of conduct that violated Mezo's constitutional rights.  In furtherance of this conspiracy, these Defendants

committed the following overt acts to include but not necessarily be limited to:

a.      Quirin used excessive force against Mezo, resulting in Quirin choking Mezo while Mezo was handcuffed and secured in the back of Quirin's police vehicle.

b.      Officer Doe failed to intervene in the unlawful treatment of Mezo as described above, although, upon information and belief, he had the opportunity to prevent such actions and knew or should have known that Quirin's choking of Mezo violated Mezo's civil rights.

c.      Defendants conspired to ignore the policies and procedures of the Sheriff's Department and/or St. Clair County by encouraging and/or permitting the type of conduct described above.

d.      Subsequent to the unlawful use of force against Mezo, Defendants intentionally engaged in a course of conduct designed to cover-up and insulate themselves and others from sanctions, civil, criminal, and departmental, both by commission and omission.

e.      Defendants failed and refused to properly and truthfully report this unauthorized use of force against Mezo to the Internal Affairs Division or to other supervisory or command personnel within the Sheriff's Department and/or St. Clair County, and instead engaged in a course of conduct that was designed to cover-up their unlawful behavior.

f.      The trespassing charge against Mezo was dismissed and then later reinstated after the Sheriff's Department received notice that Mezo had retained counsel to pursue a claim of excessive force.

49.     Defendants shared the general conspiratorial objective which was to abuse Mezo by using excessive and unlawful force against him and to thereafter conspire to insulate themselves from sanction, civil, criminal or departmental by failing and refusing to give factually accurate accountings of the events that injured Mezo.  Such conduct is so pervasive in the Sheriff's Department and/or St. Clair County and is so effective to insulate law enforcement personnel from sanction, civil, criminal, or departmental, that Defendants felt free to engage in the misconduct as aforedescribed, without any fear of sanction or retribution.

50.     These Defendants furthered the conspiracy by participating in it from its inception or by participating in the cover-up and/or ignoring this course of conduct so as to insulate themselves and others from liability for the outrageous and unlawful acts of the Defendants as described herein.

51.     As a direct and proximate result of the actions of the Defendants as alleged herein, Mezo was caused to sustain damages which included, but were not necessarily limited to, bruises to his neck and a possible fracture of his hyoid bone.  Mezo required, and became responsible for the cost of, medical care and treatment which included, but was not necessarily limited to, diagnostic imaging and follow-up treatment. Mezo has incurred and will continue to incur medical expenses in the future as a direct and proximate result of the actions of the Defendants as alleged herein.

52.     As a direct and proximate result of the actions of the Defendants, Mezo was unable to eat solid foods for weeks and has suffered and will continue to suffer physical pain and suffering, emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

11

53.     The acts of Quirin, Officer Doe, and Justus as set forth herein involved a reckless or callous indifference to the federally protected rights of Mezo, making an award of punitive damages appropriate in this case to deter Defendants and others from similar conduct in the future.

WHEREFORE, Plaintiff prays for a judgment against Defendants Quirin, Officer Doe, and Justus for compensatory damages in an amount that is fair and reasonable to include but not necessarily be limited to his physical injury and suffering, medical expenses, and his emotional pain and suffering; for punitive damages against Defendants Quirin, Officer Doe, and Justus in their individual capacitties, plus the costs of suit of this action and reasonable attorneys' fees; and such other and further relief as the Court deems fair and appropriate under the circumstances.

### COUNT IV
### FAILURE TO INSTRUCT, TRAIN, SUPERVISE, CONTROL, AND/OR DISCIPLINE AGAINST DEFENDANTS JUSTUS AND ST. CLAIR COUNTY COGNIZABLE UNDER 42 U.S.C. §1983

For Count IV of Plaintiff Mezo's cause of action against Defendants Justus and St. Clair County, Plaintiff states:

54.     Plaintiff incorporates by reference each and every allegation and averment contained in paragraphs 1 through 53 of this Complaint as though fully set forth herein.

55.     Quirin and Officer Doe violated the constitutional rights of Mezo by using excessive force against him as set forth in Count I, in failing to intervene as set forth in Count II, and/or engaging in the conspiracy to violate Mezo's civil rights as alleged in Count III.

56.     There exists within the Sheriff's Department and/or St. Clair County

policies or customs, practices and usages that are so pervasive that they constitute the policies of these Defendants, that caused the constitutional deprivations of Mezo as set forth herein.  The policies, customs, practices, and usages that exist are:

   a.   To use excessive force without cause or provocation and when such force is neither authorized or warranted;

   b.   To ignore the policies and procedures of St. Clair County and/or the Sheriff's Department, by encouraging and/or permitting the use of excessive force against suspects;

   c.   To engage in a course of conduct designed to cover-up and insulate officers from sanctions, civil, criminal, and departmental, both by commission and omission; and

   d.   To fail to adequately train, supervise, and/or discipline deputies concerning the practices aforedescribed to assure compliance with St. Clair County and/or Sheriff's Department policy, state and federal laws, and the Constitution of the United States.

57.   Alternatively and without waiver of the foregoing, Defendants training program was not adequate to train its officers to properly handle reoccurring situations like the one involving Mezo, and therefore, Defendants had a policy or custom of failing to adequately train employees of St. Clair County/the Sheriff's Department.

58.   St. Clair County, the Sheriff's Department, and/or Justus knew that more and/or different training was needed to avoid the likely use of excessive force, or the need for such training was obvious to St. Clair County, the St. Clair Sheriff's Department and/or Justus.

59.     Justus, the Sheriff's Department, and St. Clair County are vested with the duty, power and authority to train, supervise, discipline and otherwise control the officers of the Sheriff's Department/St. Clair County.  These Defendants have failed in their duty to so train, supervise and discipline Quirin and Officer Doe, and/or Justus in general and specifically so as to conform their conduct with constitutional requirements.  Specifically, these Defendants have failed to adequately train, supervise and discipline officers of the Sheriff's Department/St. Clair County in the proper and lawful use of force; failed to train, supervise and discipline officers with regard to the duty to intervene and/or report transgressions, and to truthfully respond to inquiries.  The supervisory Defendants named herein have effectively abrogated the power to so train, supervise, discipline and control officers of the Sheriff's Department/St. Clair County to include Quirin, Officer Doe, and/or Justus.

60.     Defendant Justus was at all times relevant herein the supervisor of the Sheriff's Department with final policymaking authority.  He failed to supervise and/or train officers of the Sheriff's Department.

61.     The failures of these Defendants as alleged herein caused the constitutional deprivations that were suffered by Mezo as set forth in Counts I, II, and III.

62.     The acts of the Defendants as set forth herein were taken under color of state law.

63.     As a direct and proximate result of the actions of the Defendants as alleged herein, Mezo was caused to sustain injuries and damages which included, but were not necessarily limited to, bruises to his neck and a possible fracture of his hyoid bone.  Mezo required, and became responsible for the cost of, medical care and treatment

which included, but was not necessarily limited to, diagnostic imaging and follow-up care and treatment. Mezo has incurred and will continue to incur medical expenses in the future as a direct and proximate result of the actions of the Defendants as alleged herein.

64.     As a direct and proximate result of the actions of the Defendants, Mezo was unable to eat solid foods for weeks and has suffered and will continue to suffer physical pain and suffering, emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

65.     The acts of Defendant Justus as set forth herein involved a reckless or callous indifference to the federally protected rights of Mezo, making an award of punitive damages appropriate in this case to deter him and others from similar conduct in the future.

WHEREFORE, Plaintiff prays for a judgment against Defendants Justus and St. Clair County for compensatory damages in an amount that is fair and reasonable to include but not necessarily be limited to his physical injury and suffering, medical expenses, and his emotional pain and suffering; for punitive damages against Defendant Justus in his individual capacity, plus the costs of suit of this action and reasonable attorneys' fees; and such other and further relief as the Court deems fair and appropriate under the circumstances.

## COUNT V
## ASSAULT AND BATTERY AGAINST DEFENDANT QUIRIN

For Count V of Plaintiff Mezo's cause of action against Defendant Quirin. Plaintiff states:

66.     Plaintiff incorporates by reference each and every allegation and averment contained in paragraphs 1 through 65 of this Complaint as though fully set forth

herein.

67.     Quirin intentionally, willfully and wantonly choked Mezo while Mezo was handcuffed and secured in the back of Quirin's police vehicle, resulting in harmful contact to Mezo.

68.     As a direct and proximate result of the actions of Quirin as alleged herein, Mezo was caused to sustain injuries and damages which included, but were not necessarily limited to, bruises to his neck and a possible fracture of his hyoid bone.  Mezo required, and became responsible for the cost of, medical care and treatment which included, but was not necessarily limited to, diagnostic imaging and follow-up care and treatment.  Mezo has incurred and will continue to incur medical expenses in the future as a direct and proximate result of the actions of Quirin as alleged herein.

69.     As a direct and proximate result of the actions of Quirin, Mezo was unable to eat solid foods for weeks and has suffered and will continue to suffer physical pain and suffering, emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

70.     The aforedescribed actions and conduct of Quirin was outrageous because taken with actual malice and/or willfully, and/or with such gross negligence as to the rights of Mezo as to indicate a wanton disregard for the rights of others to include Mezo.

WHEREFORE, Plaintiff prays for a judgment against Defendant Adam G. Quirin for compensatory damages in an amount that is fair and reasonable to include but not necessarily be limited to his physical injury and suffering, medical expenses, and his emotional pain and suffering; for punitive damages against Defendant Quirin in his individual capacity, plus the costs of suit of this action and reasonable attorneys' fees;

and such other and further relief as the Court deems fair and appropriate under the circumstances.

### COUNT VI
### CIVIL CONSPIRACY CLAIM AGAINST DEFENDANTS QUIRIN, OFFICER DOE AND JUSTUS UNDER STATE LAW

For Count VI of Plaintiff Mezo's cause of action against Defendants Quirin, Officer Doe, and Justus, Plaintiff states:

71.     Plaintiff incorporates by reference each and every allegation and averment contained in paragraphs 1 through 70 of this Complaint as though fully set forth herein.

72.     Quirin, Officer Doe, and Justus, a combination of two or more persons, conspired together and amongst themselves for the purpose of accomplishing an unlawful purpose, to wit, to engage in an unlawful battery upon Mezo by choking him and thereafter to conceal the wrongful nature of this conduct.

73.     In furtherance of the conspiracy, the Defendants committed the following overt tortious or unlawful acts, to include but not necessarily be limited to:

a.     Quirin used excessive force against Mezo, resulting in Mezo being choked while he was handcuffed and secured in the back of Quirin's police vehicle.

b.     Officer Doe failed to intercede in the unlawful treatment of Mezo as aforedescribed, although, upon information and belief, he had the opportunity to prevent such actions and knew or should have known that the assault of Mezo constituted a battery.

c.     Defendants conspired to ignore the policies and procedures of the Sheriff's Department and/or St. Clair County by encouraging and/or permitting

the type of conduct described above.

        d.      Subsequent to the unlawful battery upon Mezo, Defendants intentionally engaged in a course of conduct designed to cover-up and insulate themselves and others from sanctions, civil, criminal, and departmental, both by commission and omission.

        e.      Defendants failed and refused to properly and truthfully report this battery upon Mezo to the Internal Affairs Division or to other supervisory or command personnel within the Sheriff's Department and/or St. Clair County, and instead engaged in a course of conduct that was designed to cover-up their unlawful behavior.

        f.      The trespassing charge against Mezo was dismissed and then later reinstated after the Sheriff's Department received notice that Mezo had retained counsel to pursue a claim of excessive force.

74.    As a direct and proximate result of the actions of the Defendants as alleged herein, Mezo was caused to sustain injuries and damages which included, but were not necessarily limited to, bruises to his neck and a possible fracture of his hyoid bone.  Mezo required, and became responsible for the cost of, medical care and treatment which included, but was not necessarily limited to, diagnostic imaging and follow-up care and treatment.  Mezo has incurred and will continue to incur medical expenses in the future as a direct and proximate result of the actions of the Defendants as alleged herein.

75.    As a direct and proximate result of the actions of the Defendants, Mezo was unable to eat solid foods for weeks and has suffered and will continue to suffer physical pain and suffering, emotional pain and suffering, mental

anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

76. The aforedescribed actions and conduct of Defendants was outrageous because taken with actual malice and/or willfully, and/or with such gross negligence as to the rights of Mezo as to indicate a wanton disregard for the rights of others to include Mezo.

WHEREFORE, Plaintiff Mezo prays for a judgment against Defendants Quirin, Officer Doe, and Justus, and each of them, for compensatory damages in an amount that is fair and reasonable to include but not necessarily be limited to his physical injury and suffering, medical expenses, and his emotional pain and suffering; for punitive damages against these Defendants in their individual capacities, plus the costs of suit of this action and reasonable attorneys' fees; and such other and further relief as the Court deems fair and appropriate under the circumstances.

## COUNT VII
## RESPONDEAT SUPERIOR CLAIM DIRECTED AGAINST DEFENDANTS ST. CLAIR COUNTY AND ST. CLAIR COUNTY SHERIFF'S DEPARTMENT UNDER STATE LAW

For Count VII of Plaintiff Mezo's cause of action against Defendant St. Clair County, Plaintiff states:

77. Plaintiff incorporates by reference each and every allegation and averment contained in paragraphs 1 through 76 of this Complaint as though fully set forth herein.

78. At all times mentioned herein, there existed a master and servant relationship between Defendants St. Clair County and/or Sheriff's Department and Quirin, Officer Doe, and Justus.

79. At all times mentioned herein, Quirin, Officer Doe, and Justus

were acting within the course and scope of their employment with/by St. Clair County and the Sheriff's Department.

80.     As a direct and proximate result of the actions of Quirin, Officer Doe, and Justus taken within the course and scope of their employment by St. Clair County, Mezo was caused to sustain injuries and damages which included, but were not necessarily limited to, bruises to his neck and a possible fracture of his hyoid bone.  Mezo required, and became responsible for the cost of, medical care and treatment which included, but was not necessarily limited to, diagnostic imaging and follow-up care and treatment. Mezo has incurred and will continue to incur medical expenses in the future as a direct and proximate result of the actions of the Defendants as alleged herein.

81.     As a direct and proximate result of the actions of the Quirin, Officer Doe, and Justus taken within the course and scope of their employment by St. Clair County, Mezo was unable to eat solid foods for weeks and has suffered and will continue to suffer physical pain and suffering, emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, and stress.

82.     St. Clair County is responsible for the acts and/or omissions of their agents which constitute state law torts.

83.     The aforedescribed actions and conduct of Quirin, Officer Doe, and Justus acting in the course and scope of their employment, were authorized by St. Clair County both as to the doing and manner of such acts, and/or St. Clair County ratified or approved the acts, and/or as to Justus, he was and is a managerial employee acting within the scope of his employment, making an award of punitive damages against St. Clair County proper under respondeat superior liability.

WHEREFORE, Plaintiff Mezo prays for a judgment against Defendant St. Clair County for compensatory damages in an amount that is fair and reasonable to include but not necessarily be limited to his physical injury and suffering, medical expenses, and his emotional pain and suffering; for punitive damages against this Defendant, plus the costs of suit of this action and reasonable attorneys' fees; and such other and further relief as the Court deems fair and appropriate under the circumstances.

Respectfully submitted,

**PLEBAN & PETRUSKA LAW, LLC**


By:     /s/ C. John Pleban
        C. John Pleban
        Lynette M. Petruska
        2010 South Big Bend Blvd.
        St. Louis, MO  63117
        Telephone:    (314) 645-6666
        Facsimile:    (314) 645-7376

        Attorneys for Plaintiff